**FULTON v STEMPIEN**
**FULTON v SPARRAGRASS**
**FULTON v ZELASKOWSKI**

Ohio Appeals, 6th Dist, Lucas Co

Nos 2725, 2726 & 2727.
Decided Dec 19, 1932

Gilbert Bettman, Attorney General, Columbus, Brown & Sanger, Toledo, and S. M. Douglas, Toledo, for plaintiff in error.
Stanley A. Grzezinski, Toledo, for defendants in error.

BY THE COURT

Each of three cases below were decided by the Court of Common Pleas upon a motion of plaintiff for judgment in his favor on the pleadings and final judgment was entered in favor of the plaintiff below. Error is prosecuted to this court under the above titles.

The cases all are so-called bonus cases or claims for preference for deposit of money loaned by the United States government on adjusted service certificates. January 11, 1932 this court decided the case of **Ramisch v Fulton, 41 Oh Ap 443, (11 Abs 346)**, in which we held that the amount of money received as a loan in that way and deposited, was exempt under the provisions of §642, Part 5, Chapter 11, Title 38, United States Code, but it must be remembered that the account was non-interest bearing and was opened by the deposit of the government check, and that no other deposits were ever made. The identity of the fund in its original form was therefore preserved. In the three instant cases the money was deposited in a savings account which bore interest. In each of the cases it also appears, either from the petition or the brief of the defendant in error, that additional deposits made from time to time and commingled with the fund. In each of the cases the fund lost its identity and became a mere loan to the bank. It is true that the pleadings show merely that the account in each case was a savings account without saying anything about interest. We are of the opinion that this court may take judicial notice of the fact that a savings account draws interest and of course each savings depositor is entitled to his share of the interest. At any rate, counsel for the defendants in error admits that the account in each instance was credited with interest by the bank.

Plaintiff in error insists that he is entitled to a judgment of reversal in each case merely because there is a general denial in the answers. In our judgment none of the petitions states a cause of action and the motions for judgments on the pleadings in favor of the respective plaintiffs should have been overruled. The court below held in each case that the plaintiff was entitled

to a preference. In doing so the court committed prejudicial error. The depositor in each case was merely a general creditor of the bank. In each case the judgment will be reversed and the cause remanded with directions to overrule the motions for judgment on the pleadings and for further proceedings not inconsistent with this opinion.

Reversed and remanded.

LLOYD, RICHARDS and WILLIAMS, JJ, concur.