## FLORY v FULTON

Ohio Appeals, 6th Dist, Lucas Co

No 2886. Decided Feb 5, 1934

Doyle & Lewis, Toledo, and Milo J. Warner, Toledo, for plaintiff in error.

John W. Bricker, Attorney General, Columbus, Brown & Sanger, Toledo, and S. M. Douglas, Toledo, for defendant in error.

## OPINION

By WILLIAMS, J.

The federal statute makes the proceeds of a loan on an adjusted service certificate not subject to seizure under any legal or equitable process. The provision is §618, Part V, Chapter 11, Title 38, U. S. C. A., which is the Act of Congress of the United States as amended July 3, 1926, Chapter 751, §3-a, 44 Statutes, 827.

This court has held in the case of **Ramisch v Fulton, Supt. of Banks, 41 Oh Ap 443, (11 Abs 346), 180 NE, 735,** and in the case of **Fulton, Supt. of Banks v Ferguson, 44 Oh Ap, 365, (13 Abs 330),** that a preference should be allowed because of the peculiar facts surrounding the deposit of the proceeds of the loan. But this court has also held that where the facts are such that the proceeds of a loan are commingled with other funds on deposit the identity of the proceeds is so far lost that no preference should be allowed. **Fulton, Supt. of Banks**

v Stempien, 44 Oh Ap, 373, (13 Abs 329); Fulton, Supt. of Banks v Campbell, 44 Oh Ap, 376, (13 Abs 330).

In the instant case, the proceeds of the loan were deposited in an account in which there was already money on deposit and the result was a commingling of the proceeds with other funds so that the identity of the proceeds was lost. The plaintiff in error is therefore not entitled to a preference. As no error is apparent on the face of the record, the judgment of the court below will be affirmed.

Judgment affirmed.

RICHARDS and LLOYD, JJ, concur.